# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:05-cr-420-T-30TBM |
| | USM NUMBER: 57400-004 |
| GUILLERMO DE LA ROSA | Defendant's Attorney: Oscar Arroyave, ret. |

THE DEFENDANT:

X  pleaded guilty to count(s) ONE of the Indictment.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § §846, 841(a)(1) and 841(b)(1)(A)(ii) | Conspiracy to Possess With Intent to Distribute 5 Kilograms or More of Cocaine | 1980s | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_  The defendant has been found not guilty on count(s)
X  Count(s) TWO and THREE of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: May 29, 2008

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: March 29, 2008

| | | |
|---|---|---|
| Defendant: | GUILLERMO DE LA ROSA | Judgment - Page 2 of 6 |
| Case No.: | 8:05-cr-420-T-30TBM | |

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of SEVENTY-EIGHT (78) MONTHS as to Count One of the Indictment.

__X__ The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at FCI Miami (FL), if possible.

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

___ at _____, with a certified copy of this judgment.

                                  United States Marshal

                          By:_____
                                  Deputy United States Marshal

Defendant: GUILLERMO DE LA ROSA
Case No.: 8:05-cr-420-T-30TBM

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Count One of the Indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant: GUILLERMO DE LA ROSA | Judgment - Page 4 of 6 |
| Case No.: 8:05-cr-420-T-30TBM | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X    The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow te probation officer's instructions regarding the implementation of this court directive.  Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.  During and upon completion of this program, the defendant is directed to submit to random drug testing.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X    The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act.  The Court authorizes random drug testing not to exceed 104 tests per year.

Defendant: GUILLERMO DE LA ROSA
Case No.: 8:05-cr-420-T-30TBM

Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | Waived | N/A |

☐ The determination of restitution is deferred until ____.   An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____.

☐ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the ___ fine ___ restitution.

  ☐ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: GUILLERMO DE LA ROSA | Judgment - Page 6 of 6 |
| Case No.: 8:05-cr-420-T-30TBM | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ 100.00 due immediately, balance due

      ___ not later than _____, or

      ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees, including but not limited to, the real property, vehicles, boats or vessels, monies, and jewelry, listed in the final judgment of forfeiture. The final order of forfeiture [Dkt. 512] is made part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          CASE NO. 8:05-cr-420-T-30TBM

GUILLERMO DE LA ROSA,

    Defendant.

_____

**FINAL JUDGMENT OF FORFEITURE**

THIS CAUSE comes before the Court upon the filing of the Motion (Doc. 511) by the United States for a Final Judgment of Forfeiture for the following property:

    A.    **Real property**, including all improvements thereon and appurtenances thereto, located at 740 SE 22nd Avenue, Pompano Beach, Florida 33062, which is legally described as follows:

> Lot 7, Block 2, SANTA BARBARA SHORES, according to the Plat thereof, as recorded in Plat Book 33, page 21 of the Public Records of Broward County, Florida.
>
> Parcel Identification Number: 19306-26-03700
> Folio Number: 494306260370.

    B.    **The following vehicles:**

        (1)    1999 Ford F350 Pickup, VIN: 1FTWW33F6XEC68669
                  Owner of Record: Guillermo A. De La Rosa,

        (2)    2002 Ford F150, VIN: 1FTRX17272NA46656
                  Owner of Record: Guillermo A. De La Rosa;

    (3)    2002 Ford Econoline E250, VIN: 1FTNS24242HB24624;
Owner of Record: Guillermo A. De La Rosa;

    (4)    1997 Toyota Land Cruiser, VIN: JT3HJ85J1V0181105
Owner of Record: Marlene De La Rosa; and

    (5)    1999 Mitsubishi Truck, VIN: JW6AAF1H7XL002328;
Owner of Record: Parkway to Marble and Granite, Inc.

**C.**    **The following monies** seized from the following bank accounts:

    (1)    Bank of America account number 0036 2489 7263, held in the name of Guillermo and Marlene De La Rosa, in the amount of **$1,014.02**;

    (2)    Washington Mutual Bank account number 1950828609, in the name of Parkway to Marble and Granite, Inc., in the amount of **$1,859.41**; and

    (3)    Bank Atlantic account number 54406820 in the name of Guillermo and Marlene De La Rosa, in the amount of **$296.83**.

**D.**    **The assorted jewelry,** valued at $80,950, seized from Guillermo de la Rosa, during the execution of a search warrant at his residence located at 740 SE 22nd Avenue, Pompano Beach, Florida.

1.    On October 16, 2007, the Court granted the United States' motion and entered the Preliminary Order of Forfeiture (Doc. 399), forfeiting to the United States of America all right, title, and interest of defendant Guillermo De La Rosa.

2.    Notice of the Preliminary Order of Forfeiture as to defendant Guillermo De La Rosa was sent via certified mail, return receipt requested, to the following third parties known to have alleged an interest in the assets found subject to forfeiture:

    a.    Marlene De La Rosa, Certified Mail No. 7005 3110 0003 4592 5144 on October 17, 2007, green card signed and returned on October 20, 2007. No claim was filed;

    Marlene De La Rosa, c/o William Jung, Esquire, Certified Mail No. 7005 3110 0003 4592 5427 on October 24, 2007, green card signed

     and returned on October 26, 2007. No claim was filed;

b.  Ford Motor Credit, Attn: Richard Ramey, Tampa Service Center, P.O. Box 31111, Tampa, Florida 33631, Certified Mail No. 7005 3110 0003 4592 5168 on October 17, 2007, green card signed and returned on October 18, 2007. No claim was filed;

c.  Parkway to Marble and Granite, 3056 N.E. 12th Terrace, Oakland Park, Florida 33334, Certified Mail No. 7005 3110 0003 4592 5120 on October 17, 2007, envelope returned "attempted - not known and unable to forward;"

d.  R & H Tile, Inc., 3056 N.E. 12th Terrace, Oakland Park, Florida 33334, Certified Mail No. 7005 3110 0003 4592 5113 on October 17, 2007, envelope returned "attempted - not known and unable to forward;" and

e.  Associates Commercial Corporation, Attn: Customer Service, P.O. Box 168647, Irving, Texas 75016, Certified Mail No. 7005 3110 0003 4592 5106 on October 17, 2007, green card signed and returned on October 31, 2007. No claim was filed.

3.  On December 17, 2007, the United States filed a Stipulation and Hold Harmless Agreement between the United States of America and Marlene De La Rosa in which Marlene De La Rosa agreed that she had no right, title, or interest in the real property located at 740 SE 22nd Avenue, Pompano Beach, Florida and agreed not to contest the forfeiture. The United States agreed to pay Marlene De La Rosa $100,000.00 from the net sales proceeds. (Doc. 442).

4.  In accordance with the provisions of 21 U.S.C. § 853(n), the United States published notice of the forfeiture for the currency listed under section "C" of this motion, and of its intent to dispose of the properties, in the *Tampa Tribune*, a newspaper of general circulation in Hillsborough County, Florida and in the *Broward Daily Business Review*, a newspaper of general circulation in Broward County, Florida on October 30, 2007,

November 6, 2007 and November 13, 2007. (Docs. 417 and 418). The publication gave notice to all third parties with a legal interest in the subject property to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within 30 days of the final date of publication.

5. In accordance with the provisions of 21 U.S.C. § 853(n), the United States published notice of the forfeiture for the assets listed under sections "A," "B" and "D" of this motion, and of its intent to dispose of the properties, in the *Tampa Tribune*, a newspaper of general circulation in Hillsborough County, Florida on November 1, 2007, November 8, 2007 and November 15, 2007 and in the *Broward Daily Business Review*, a newspaper of general circulation in Broward County, Florida on December 12, 2007, December 19, 2007 and December 26, 2007. (Docs. 432 and 476). The publication gave notice to all third parties with a legal interest in the subject property to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within 30 days of the final date of publication.

6. No persons or entities, other than the defendant Guillermo De La Rosa, whose interest was forfeited to the United States in the Preliminary Order of Forfeiture, and the persons and entities identified in paragraph 3 above, are known to have an interest in the subject assets. No third party has filed a Petition of Ownership in the subject properties to date, and the time for filing such Petition has expired.

7.      The Court finds that the subject assets are the property of defendant Guillermo De La Rosa.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the United States' motion (Doc. 511) is GRANTED. It is FURTHER ORDERED that all right, title and interest in following property is CONDEMNED and FORFEITED to the United States of America, pursuant to the provisions of 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(c)(2), for disposition according to law:

A.      **Real property**, including all improvements thereon and appurtenances thereto, located at 740 SE 22nd Avenue, Pompano Beach, Florida 33062, which is legally described as follows:

> Lot 7, Block 2, SANTA BARBARA SHORES, according to the Plat thereof, as recorded in Plat Book 33, page 21 of the Public Records of Broward County, Florida.
>
> Parcel Identification Number: 19306-26-03700
> Folio Number: 494306260370.

B.      **The following vehicles:**

(1)     1999 Ford F350 Pickup, VIN: 1FTWW33F6XEC68669
        Owner of Record: Guillermo A. De La Rosa,

(2)     2002 Ford F150, VIN: 1FTRX17272NA46656
        Owner of Record: Guillermo A. De La Rosa;

(3)     2002 Ford Econoline E250, VIN: 1FTNS24242HB24624;
        Owner of Record: Guillermo A. De La Rosa;

(4)     1997 Toyota Land Cruiser, VIN: JT3HJ85J1V0181105
        Owner of Record: Marlene De La Rosa; and

  (5) 1999 Mitsubishi Truck, VIN: JW6AAF1H7XL002328;
Owner of Record: Parkway to Marble and Granite, Inc.

C. The following **monies** seized from the following bank accounts:

  (1) Bank of America account number 0036 2489 7263, held in the name of Guillermo and Marlene De La Rosa, in the amount of **$1,014.02**;

  (2) Washington Mutual Bank account number 1950828609, in the name of Parkway to Marble and Granite, Inc., in the amount of **$1,859.41**; and

  (3) Bank Atlantic account number 54406820 in the name of Guillermo and Marlene De La Rosa, in the amount of **$296.83**.

D. **The assorted jewelry**, valued at $80,950, seized from Guillermo de la Rosa, during the execution of a search warrant at his residence located at 740 SE 22nd Avenue, Pompano Beach, Florida.

Clear title to the property is now vested in the United States of America.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Anita M. Cream, AUSA
Attorneys/Parties of Record

F:\Docs\2005\05-cr-420.fj guillermo 511.wpd

Page 6 of 6